Filed 4/26/21  In re A.O. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.O., a Person Coming Under the Juvenile Court Law. | |
| STANISLAUS COUNTY COMMUNITY SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CRYSTAL D.,<br><br>Defendant and Appellant. | F081870<br><br>(Super. Ct. No. JVDP-20-000042)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Gloria F. Rhynes, Judge.  (Retired Judge of the Alameda Sup. Ct. assigned by the Chief Justice pursuant to article VI, § 6 of the Cal. Const.)

Siena Kautz, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Boze, County Counsel, and Sophia Ahmad, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Smith, Acting P.J., Meehan, J. and De Santos, J.

In this juvenile dependency case, Crystal D., mother of A.O.,[1] appeals the juvenile court's order made at the six-month status review hearing, asserting the court's finding that reasonable services were provided to her was not supported by sufficient evidence (Welf. & Inst. Code,[2] § 366.21, subd. (e)(8)). Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 24, 2020, the Stanislaus County Community Services Agency (agency) filed a juvenile dependency petition on behalf of then 12-year-old A.O. alleging he came within the juvenile court's jurisdiction under section 300, subdivisions (b)(1) (failure to protect) because of acts by mother and A.O.'s father, E.O.,[3] (c) (serious emotional abuse) because of acts by mother, and (d) (sexual abuse) because of acts by mother. At the time the petition was filed, A.O. was staying with a friend because father, who had been A.O.'s primary caregiver, was homeless and abusing substances. Mother was a noncustodial parent who had not had contact with A.O. in approximately four years because there was a restraining order in place protecting A.O. from mother. The jurisdictional allegations pertaining to mother were based on several previous reports of physical and sexual abuse of A.O. and A.O.'s siblings predating the restraining order.

On February 28, 2020, the social worker attempted to contact mother's county of residence, Butte County, to inquire about services to which mother could be referred. On March 3, 2020, the social worker obtained information for Counseling Solutions, a facility that provided parenting education and counseling services and for Dawn Horwitz-Person, a clinician who provided sex offender counseling. Later that day, the social

---

[1] The reports list A.O.'s gender as female but indicate A.O. prefers "he/him" pronouns. Respecting A.O.'s preference, we refer to A.O. using the he/him pronouns throughout this opinion.

[2] All further undesignated statutory references are to the Welfare and Institutions Code.

[3] Father is not a party to this appeal, so we focus on the facts pertaining to mother and her appeal.

worker contacted Counseling Solutions and learned that mother would begin with parenting classes, and individual counseling would begin at a later time. The social worker contacted Horwitz-Person and advised her that mother had expressed she did not want to participate in sex offender classes. Horwitz-Person recommended mother complete an assessment so it could be determined whether mother would benefit more from individual counseling or group classes. The social worker completed contracts for Counseling Services and Horwitz-Person. The social worker sent mother's referral for Counseling Solutions on March 5, 2020. Mother began engaging in services with Counseling Solutions but did not participate in the sex offender assessment or related services as she was denying any sexual abuse occurred.

On April 2, 2020, the juvenile court found all allegations in the petition true, adjudged A.O. a dependent of the court, and ordered that mother be provided with family reunification services.[4] Mother's case plan included individual counseling services at Counseling Solutions or another program approved by the social worker, family counseling between mother and A.O. at Sierra Vista Child Family Services (in Stanislaus County) or another program approved by the social worker, and completion of an assessment for sex offender services with Horwitz-Person and to follow any recommendations resulting from the assessment. The case plan also included completion of a parenting education program at Counseling Solutions or another program approved by the social worker. Finally, mother was to participate in random drug testing.

---

[4] In *In re A.O.* (Feb. 5, 2021, F081051 [nonpub. opn.]), mother appealed the court's jurisdictional and dispositional findings and orders. She contended the juvenile court's findings of the jurisdictional allegations that pertained to her were true were not supported by sufficient evidence and the court erred by "removing" A.O. from her custody under section 361, subdivision (c)(1) rather than analyzing whether A.O.'s placement with mother was detrimental under the analysis for noncustodial parents under section 361, subdivision (a). This court affirmed the court's jurisdictional and dispositional findings and orders.

The social worker's six-month status review report dated September 3, 2020, recommended that A.O. continue as a dependent of the juvenile court and mother's reunification services be continued. In the report, the social worker explained that mother's program at Counseling Services "requires that the parents complete 16 weeks of parenting classes and 4 weeks of group before they begin individual sessions." At the time the six-month status review report was written, mother had completed her 16 weeks of parenting classes and was scheduled to begin her group classes. In order to assist mother in completing her individual counseling in a timely manner, the social worker completed a referral to Sierra Vista for individual counseling via telehealth on August 31, 2020. The same day, the social worker also completed a referral for mother and A.O. for family counseling through Sierra Vista via telehealth.

The report indicated that mother had made no progress in her sex offender services; she continued to deny ever sexually abusing A.O. and resisted services. On August 6, 2020, mother agreed to complete the assessment, but because Horwitz-Person's wait list was long at that time, the social worker completed a referral to another facility, Parents United, for mother to complete the assessment via telehealth.

Mother visited A.O. consistently, and their visits went well. The social worker noted that mother had "played a key role in [A.O.] remaining in placement" and is able to calm A.O. down when he becomes upset.

At the six-month review hearing on October 13, 2020, mother objected to the court making a finding that reasonable services had been provided. Mother's counsel submitted an offer of proof that mother would testify her first individual counseling session at Sierra Vista had occurred the day before the hearing and her Parents United sex offender assessment was scheduled for October 15, 2020, but had to be rescheduled to October 26, 2020, due to mother having transportation issues. Mother's counsel argued that mother should have been receiving individual counseling since the beginning of the reunification period, as it should have been ensured mother would receive services in the

4.

same manner as they would be offered in Stanislaus County "so that this mother would not be prejudiced simply for living out of county." Mother's counsel went on to argue that though it was typical protocol for family counseling not to begin until after individual counseling has been started and some progress has been made, mother's services were unreasonable because she did not have the option of starting family counseling during the review period.

County counsel explained that Counseling Solutions required mother to complete her services in a certain order, but because mother was making good progress in her parenting classes and other services at Counseling Solutions, the social worker thought "outside of the box" by deciding that mother could start individual counseling via telehealth at Sierra Vista in Stanislaus County to "expedite" the process. The telehealth option was only recently available because of the COVID-19 pandemic. County counsel argued the referral to Counseling Solutions was made "in good faith" so mother could receive services in her county of residence, and the structure of the services at Counseling Solutions is how "they do the services in [Butte County]."

A.O.'s counsel stated that A.O. "does genuinely want to reunify" but otherwise deferred to counsel for the agency and mother as to whether reasonable services were offered.

In ruling, the juvenile court noted the services at Counseling Solutions were "not necessarily in the same order that it would have been offered [in Stanislaus County]," but the social worker "clearly felt like the Butte County assessment that was being done in Counseling Solutions, at least at first, was appropriate" and that only later it appeared individual counseling could begin sooner. The court made a finding by clear and convincing evidence reasonable services had been provided and continued mother's services.

## DISCUSSION

"The 'adequacy of reunification plans and the reasonableness of the [Agency's] efforts are judged according to the circumstances of each case.' " (*In re M.F.* (2019) 32 Cal.App.5th 1, 14 (*M.F.*).) Services are considered reasonable if the child welfare agency has " 'identified the problems leading to the loss of custody, offered services designed to remedy those problems, maintained reasonable contact with the parents during the course of the service plan, and made reasonable efforts to assist the parents.' " (*In re Alvin R.* (2003) 108 Cal.App.4th 962, 972.) "In almost all cases it will be true that more services could have been provided more frequently and that the services provided were imperfect. The standard is not whether the services provided were the best that might be provided in an ideal world, but whether the services were reasonable under the circumstances." (*In re Misako R.* (1991) 2 Cal.App.4th 538, 547.)

When a party challenges the finding that reasonable services were offered or provided, we determine whether there is substantial evidence to support the court's finding by reviewing the evidence most favorably to the prevailing party and indulging in all legitimate and reasonable inferences to uphold the court's ruling. (*In re Julie M.* (1999) 69 Cal.App.4th 41, 46.) We conduct our substantial evidence review bearing in mind the required clear and convincing standard of proof. (*T.J. v. Superior Court* (2018) 21 Cal.App.5th 1229, 1239; see *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1011–1012.)

Mother contends the juvenile court's finding was not supported by substantial evidence because the agency learned in May 2020[5] that mother was not receiving

---

[5]     We note the jurisdiction/disposition report indicates it was known at the time the referral was made to Counseling Solutions that mother would not receive individual counseling until after completing other aspects of her case plan. At the six-month status review hearing, however, the parties and the court appeared to operate from the assumption that the social worker found out in May 2020 of the sequential nature of the services. While the argument could be made that mother forfeited her argument by

individual counseling and did not refer mother to individual and family counseling at another facility until the end of August 2020. Mother contends this constituted a three and one-half month delay that was unreasonable and therefore merits an extension of the period mother is to receive services.[6]

To support her argument, mother contends her case is analogous to *M.F.*, *supra*, 32 Cal.App.5th 1. In *M.F.*, the minor appealed the juvenile court's order extending services for the father at the 12-month review hearing, contending the court's finding that reasonable services were not offered was not supported by the evidence. (*M.F.*, at pp. 7–8.) The appellate court rejected the minor's argument and found substantial evidence supported the juvenile court's finding. In *M.F.*, in order to help the father comply with the therapy component of his case plan, the social worker had given a list of therapists to the father. (*Id.* at pp. 15–16.) The father called each of the therapists on the list more than once and did not receive any return phone calls. (*Id.* at p. 16.) The social worker did not respond to the two e-mails father's attorney wrote to the social worker informing him of the father's difficulty in finding a therapist. (*Ibid.*) The social worker never provided another list of therapists or attempted to call any therapists on the father's behalf. (*Ibid.*) The father did not receive therapy during the review period.

*M.F.* is inapposite. The commonality on which mother wishes us to focus is that the father there and mother here did not receive individual counseling services during the

---

failing to object to the services to be provided by Counseling Solutions at the time the case plan was approved at the dispositional hearing and subsequently by failing to appeal on the grounds the services contemplated in the case plan were unreasonable, because there is conflicting evidence on the record of when the agency learned of the sequential nature of the services and this argument was not raised by respondent, we consider the merits of mother's appeal.

[6]    Mother does not contend the sex offender services offered were unreasonable; she concedes her resistance to participation in her sex offender assessment "may excuse the [a]gency from the delay in providing [m]other that particular service." Her appeal only pertains to the individual and family counseling aspects.

review period.  However, in the case of the father in *M.F.*, the reason was because the social worker failed to assist him despite his requests for help, and no therapy was ever made available to him.  Here, in contrast, mother did have access to individual counseling; it was just to be provided after she completed other aspects of her case plan rather than simultaneously with her other services.

We do not find, as mother suggests, the mere fact that mother did not receive individual counseling right away is dispositive of the issue of whether she received reasonable services.  Rather, we conclude that mother's argument, properly framed, is whether the requirements of Counseling Solutions that she complete components of her case plan in a sequential order, rather than simultaneously, constituted reasonable services under the circumstances of the case.  We conclude at this juncture in the proceedings they did.

Mother points out based on Counseling Solutions' requirements, mother would not begin individual counseling until five months into the reunification period and would not begin family counseling until the first six-month period had passed.  This is not dispositive.  Mother cites no authority which supports an assertion that services must be completed within six months.  As the agency points out, 52-week domestic violence programs are often ordered as aspects of case plans.  As the juvenile court noted, the social worker felt the services contemplated by Counseling Solutions were appropriate at the outset of the case, and the social worker appeared to continue to hold that opinion until she decided to make a referral to a Stanislaus County service provider based on the circumstances of mother's participation in her case plan.  The social worker's initial assessment was reasonable.  A.O. was 12 years old, and the case was not impinging on any urgent time limits that would have been in place if A.O. was much younger.  Further, we can reasonably infer from the evidence the program at Counseling Solutions was intentionally structured, not to deny a parent valuable services, but for the purpose of allowing a parent to incrementally build on skills learned from the preceding component

in order to gain more benefit from each sequential service and eventually be ready to engage in family counseling in a healthy and productive way. Based on the facts of the present case, it appears such a structure would be beneficial for mother, and incidentally A.O. Before the dependency proceedings commenced, mother had not had physical custody of A.O. since approximately 2014, and there had been a restraining order in place protecting A.O. from mother since approximately 2016. Additionally, A.O. had a history of self-harm, which continued into the beginning of the dependency proceedings, and was engaged in his own mental health counseling. Based on the nature of the jurisdictional findings pertaining to mother, the recent years' long estrangement between her and A.O., and A.O.'s fragile emotional state, it was reasonable to require mother to engage in services in a manner that would thoroughly and adequately prepare her for family counseling with A.O. The requirements of Counseling Solutions were reasonable given the circumstances of the case.

The fact that the social worker at some point referred mother to individual counseling with another service provider does not raise the inference Counseling Solutions' methods were unreasonable. Rather, in making all inferences in favor of the juvenile court's finding, we consider county counsel's representation that the referral was meant to expedite the process because mother was making such good progress not because the initial case plan was lacking.

For the foregoing reasons, we find substantial evidence supports the juvenile court's finding that reasonable services were offered during this review period. We commend mother for participating diligently in her services at Counseling Solutions and encourage her to continue working on all aspects of her case plan. We are aware that in the six-month status review report, the social worker listed mother having not begun her individual counseling as evidence that A.O. would suffer detriment if he were to be returned to mother; the report also correctly indicated this was due to "no fault" of mother. We want to make clear this opinion is limited to the facts of this review period

9.

based on the record before us at this moment in time and should not be construed to preclude mother from later contending the manner in which the Counseling Solutions' program is structured affected her ability to access reasonable services during future review periods. This opinion is not intended in any way to stand for the proposition that mother's "failure" to participate in individual or family counseling during *this* review period should be held against her or used as evidence of detriment in future proceedings.

## **DISPOSITION**

The juvenile court's October 13, 2020 findings and orders are affirmed.